IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,           ) | CR 03-0856-PHX-JAT |
|                          ) | |
| Plaintiff-Respondent  ) | CV 04-2550-PHX-JAT (ECV) |
|                          ) | |
| vs.                       ) | |
|                          ) | **REPORT AND RECOMMENDATION** |
|                          ) | |
| Joel Guzman-Lopez,        ) | |
|                          ) | |
| Defendant-Movant.     ) | |
|                          ) | |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Joel Guzman-Lopez ("Movant"), has filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #22). On August 6, 2003, Movant pleaded guilty to Count I of the Information, illegal re-entry after deportation with a sentencing enhancement, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Doc. #20. On November 17, 2003, Movant was sentenced to 37 months in the custody of the Bureau of Prisons followed by supervised release for three years. Doc. #20. Movant filed the instant Motion to Vacate on November 12, 2004, within the limitations period set forth in 28 U.S.C. § 2255.

Movant alleges four grounds for relief in his motion. First, he alleges that the court's use of his prior felony convictions to enhance his sentence violated the Sixth Amendment because the facts supporting the enhancement were not decided by a jury. Second, Movant

1  alleges that 8 U.S.C. § 1326(b)(2), the sentence enhancement provision, is unconstitutional.
2  Third, Movant appears to allege a violation of the Equal Protection Clause because as a
3  deportable alien he is not eligible for a drug treatment program, movement to a halfway
4  house or other sentence reductions.  Regarding Ground Four, the court is unable to
5  understand Movant's claim.  Respondent filed a Response in Opposition (Doc. #25) on
6  December 27, 2004.  Movant has not filed a reply.

## DISCUSSION

### A.   Ground One

Movant contends in Ground One that the court's use of a prior felony conviction to enhance his sentence violated the Sixth Amendment.  He contends that the fact of his prior conviction was not decided by a jury.  Movant offers no additional argument to support his claim in Ground One but attaches to his motion as "Memorandum A" an article discussing the case of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004).

Movant's claim that a jury was required to determine he had a prior conviction is without merit.  In Blakely, the Supreme Court applied the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000):  "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."  The Court explained in Blakely that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*"  Blakely, 124 S.Ct at 2537 (citations omitted) (emphasis in original).  Thus, a judge may not impose a sentence in excess of what the jury's factual findings or the defendant's own admissions allow.  See id.

Here, Movant admitted in his plea agreement that he was convicted of possession of a controlled substance for sale, a felony, on May 25, 1994, for which he was sentenced to 270 days jail.  Doc. #19 at 7.  Because Movant admitted his prior conviction, the sentencing court could use the prior conviction as a basis to enhance the sentence.  Additionally, prior convictions are an exception to the rule announced in Apprendi and expanded in Blakely.

1. Thus, even if Movant had not admitted his prior conviction, the sentencing court had the
2. authority to make the finding that Movant had a prior conviction and use it to enhance the
3. sentence. Finally, Movant's <u>Blakely</u> claim may not be raised on collateral review. The Ninth
4. Circuit recently held that the new rule announced in <u>Blakely</u> "does not apply retroactively
5. to a conviction that was final before that decision was announced." <u>Schardt v. Payne</u>, 414
6. F.3d 1025, 1037 (9th Cir. 2005). <u>Blakely</u> was decided on June 24, 2004, more than six
7. months after Movant's conviction became final. For all of these reasons, the court will
8. recommend that Movant's claim in Ground One be denied.

9. **B.     Ground Two**

10. Movant contends in Ground Two that the penalty provisions in 8 U.S.C.§ 1326(b)(2),
11. are unconstitutional. Movant supplements his claim with an attachment identified as
12. "Memorandum B." Doc. #22. In <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235
13. (1998), the Supreme Court held that subsection (b)(2) of 8 U.S.C. § 1326 was intended to be
14. a sentencing factor and not a separate criminal offense that had to be proved to a jury beyond
15. a reasonable doubt. Movant argues that the holding in <u>Almendarez-Torres</u> has been called
16. into question because one of the justices in the 5-4 majority stated in his concurring opinion
17. in a subsequent case, <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), that <u>Almendarez-</u>
18. <u>Torres</u> was wrongly decided. Movant argues that in light of <u>Apprendi</u>, subsections (b)(1) and
19. (b)(2) must be treated as elements of the underlying offense or separate offenses, either of
20. which must be proved to a jury beyond a reasonable doubt.

21. Movant's argument has been rejected by the Ninth Circuit Court of Appeals. In <u>U.S.</u>
22. <u>v. Echavarria-Escobar</u>, 270 F.3d 1265, 1271 (9th Cir. 2001), the court expressly rejected the
23. argument presented here that Justice Thomas' concurrence in <u>Apprendi</u> undermines the rule
24. announced in <u>Almendarez-Torres</u>. The court stated, "[W]e cannot ignore controlling
25. Supreme Court authority based on speculation as to the possibly evolving individual views
26. of Supreme Court Justices." <u>Echavarria-Escobar</u>, 270 F.3d at 1271. Since <u>Apprendi</u>, the
27. court has reaffirmed that a district court does not violate the Sixth Amendment by applying
28. the § (b)(2) enhancement based on aggravated felonies that the defendant did not admit to

1  and that the government did not allege in the indictment or prove at trial. Arellano-Rivera,
2  244 F.3d at 1127; United States v. Pacheco-Zepeda, 234 F.3d 411, 414 (9th Cir. 2001). Under
3  Almendarez-Torres, which remains controlling Supreme Court authority, sections (b)(1) and
4  (b)(2) are sentencing factors that can be decided by the judge. See id.

5  Moreover, as with his claim in Ground One, Movant's claim in Ground Two must fail
6  because he admitted his prior conviction. The (b)(1) and (b)(2) subsections cannot be
7  unconstitutional as applied to Movant because by admitting his prior conviction in his plea
8  agreement, he waived any right to require the government to prove the prior conviction to
9  a jury beyond a reasonable doubt. For these reasons, Movant's claims in Ground Two are
10 without merit and the court will recommend that they be denied.

11 **C.     Ground Three**

12 Movant alleges in Ground Three that because he is a deportable alien he is not eligible
13 for a drug treatment program, movement to a halfway house or other sentence reductions.
14 He appears to be alleging that the Bureau of Prisons policy that renders aliens ineligible for
15 certain sentence reduction programs is a violation of the Equal Protection Clause. Movant
16 provides no additional argument to support his claim.

17 In McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir.1999), cert. denied, 528 U.S.
18 1086 (2000), the Ninth Circuit Court of Appeals affirmed the denial of habeas corpus
19 petitions brought by federal prisoners subject to immigration detainers who challenged this
20 Bureau of Prisons policy on equal protection grounds. The court held that "excluding
21 prisoners with detainers from participating in community-based treatment programs, and
22 consequently from sentence reduction eligibility, is at least rationally related to the BOP's
23 legitimate interest in preventing prisoners from fleeing detainers while participating in
24 community treatment programs." Id. at 1186. Accordingly, Movant's equal protection claim
25 in Ground Three is without merit and the court will recommend that it be denied..

26 **D.     Ground Four**

27 Finally, Movant's allegation in Ground Four is indecipherable. The entire claim reads:
28 "Lack of legal knowledge and advisement indigent and new legal ruling of the Supreme

- 4 -

1 Court." Doc. #22 at 5. Movant presents no argument to support his claim. Having failed to
2 present a valid claim in Ground Four, the court will recommend that it be denied.

3 **E.    Waiver**

4       The government in its response failed to raise the fact that in his plea agreement,
5 Movant waived the right to collaterally attack his conviction and sentence. Plea agreements
6 are contractual in nature and their plain language will generally be enforced if the agreement
7 is clear and unambiguous on its face. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th
8 Cir. 2005), cert. denied, 2005 WL 1671552 (Oct. 3, 2005). For example, a waiver of
9 appellate rights is enforceable if the language of the waiver encompasses the right to appeal
10 on the grounds raised and the waiver is knowingly and voluntarily made. Id. Moreover, a
11 defendant may waive the statutory right to bring a § 2255 action challenging the length of
12 his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v.
13 Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992), cert. denied sub nom. Abarca-Espinoza v.
14 United States, 508 U.S. 979 (1993). In § 2255 actions, the only claims that cannot be waived
15 are a claim that the waiver itself was involuntary or that ineffective assistance of counsel
16 rendered the waiver involuntary. See Pruitt, 32 F.3d at 433 (expressing "doubt" that a plea
17 agreement could waive a claim that counsel erroneously induced a defendant to plead guilty
18 or accept a particular part of the plea bargain); Abarca, 985 F.2d at 1014 (expressly declining
19 to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the
20 waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (summarizing Pruitt and Abarca, but
21 declining to decide whether waiver of all statutory rights included claims implicating the
22 voluntariness of the waiver).

23       Here, Movant expressly waived his right to collaterally attack his "conviction and
24 sentence under 28 U.S.C. § 2255, or any other collateral attack." Doc. #19 at 4. None of
25 Movant's § 2255 claims have anything to do with the voluntariness of the plea agreement or
26 the waiver. Thus, the court finds Movant's express waiver an additional basis to recommend
27 denying his motion to vacate.

28 **IT IS THEREFORE RECOMMENDED:**

1  That the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #22) be **DENIED**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 21st day of October, 2005.

Edward C. Voss
United States Magistrate Judge